

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, 7th floor
Newark, New Jersey 07102

973-645-2700

TSK/CSS/PL AGR
USAO No. 2024R00586

June 3, 2025

Charles Simmons, Esq.
Simmons Law
28 Washington Street, Suite 104
East Orange, N.J. 07017

        Re:   <u>Plea Agreement with RYAN L. TERRY</u>

Dear Mr. Simmons:

      This letter sets forth the plea agreement between your client, Ryan L. Terry ("TERRY"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on June 17, 2025, if it is not accepted in writing by that date. If TERRY does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from TERRY to a two count Information, which charges TERRY with conspiracy to commit bank fraud, contrary to 18 U.S.C. § 1344, in violation of 18 U.S.C. § 1349 (Count 1), and bank fraud, in violation of 18 U.S.C. §§ 1344 and 2 (Count 2). If TERRY enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against TERRY for conspiracy to commit bank fraud, bank fraud, and theft concerning programs receiving federal funds between on or about March 2023 through on or about January 2025.

      But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against TERRY even if the applicable statute of limitations period for those charges expires after TERRY signs this agreement, and TERRY agrees not to assert that any such charges are time-barred.

Sentencing

The violations of 18 U.S.C. §§ 1344, 1349 and 2 to which TERRY agrees to plead guilty in the Information carry a statutory maximum prison sentence of 30 years and a statutory maximum fine equal to the greatest of (1) $1,000,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offenses, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offenses. The prison sentences on Counts 1 and 2 may run consecutively to each other or to any prison sentence TERRY is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon TERRY is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence TERRY ultimately will receive.

Further, in addition to imposing any other penalty on TERRY, the sentencing judge as part of the sentence:

(1) will order TERRY to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order TERRY to pay restitution pursuant to 18 U.S.C. § 3663A;

(3) may order TERRY, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the convictions to any victims of her offenses; and

(4) pursuant to 18 U.S.C. § 3583, may require TERRY to serve a term of supervised release of not more than 5 years, which will begin at the expiration of any term of imprisonment imposed. Should TERRY be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, TERRY may be sentenced to not more than 3 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to 18 U.S.C. § 3663A, TERRY agrees to pay full restitution to the victims of the offenses of conviction or from the scheme, conspiracy or pattern of criminal activity underlying that offense in an amount that fully compensates the victims for the losses sustained as a result of those offenses. The restitution amount agreed upon by TERRY is $50,836.08.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on TERRY by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of TERRY's activities and relevant conduct with respect to this case.

Stipulations

This Office and TERRY will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and TERRY waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

TERRY understands that, if TERRY is not a citizen of the United States, TERRY's guilty plea to the charged offenses will likely result in TERRY being subject to immigration proceedings and removed from the United States by making TERRY deportable, excludable, or inadmissible, or ending TERRY's naturalization. TERRY understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. TERRY wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause TERRY's removal from the United States. TERRY understands that TERRY is bound by this guilty plea regardless of any immigration consequences. Accordingly, TERRY waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. TERRY also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against TERRY. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against TERRY.

No provision of this agreement shall preclude TERRY from pursuing in an appropriate forum, when permitted by law, a claim that TERRY received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between TERRY and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
United States Attorney

By:  Thomas S. Kearney
Casey S. Smith
Assistant U.S. Attorneys

APPROVED:

Ronnell L. Wilson
Ronnell L. Wilson
Chief, Special Prosecutions Division

I have received this letter from my attorney, Charles Simmons, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 06/11/25
Ryan L. Terry



I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 6/11/25
Charles Simmons, Esq.
Counsel for Defendant

Plea Agreement With RYAN L. TERRY

Schedule A

1. This Office and TERRY recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2024 applies in this case.

Counts 1 and 2: Conspiracy to Commit Bank Fraud and Bank Fraud – 18 U.S.C. §§ 1344, 1349

3. Because TERRY has been charged with conspiracy to violate 18 U.S.C. § 1344, the applicable guideline for the offense charged in Count 1 of the Information is U.S.S.G. § 2B1.1(a)(1). See U.S.S.G. § 2X1.1.

4. The applicable guidelines for the offense charged in Count 2 of the Information is also U.S.S.G. § 2B1.1(a)(1).

5. The applicable guideline for both Count 1 and 2 carries a Base Offense Level of 7. See U.S.S.G. § 2B1.1(a)(1).

6. The loss attributable to the offense conduct was more than $40,000 but less than $95,000. The offense level is therefore increased by 6 levels. See U.S.S.G. § 2B1.1(b)(1)(D).

7. Specific offense characteristic U.S.S.G. § 3B1.1(b) applies because TERRY was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants, which results in an increase of 3 levels.

Grouping of Multiple Counts and Combined Offense Level

8. Pursuant to U.S.S.G. § 3D1.2(d), Counts 1 and 2 of the Information are to be grouped into a single Group. Pursuant to U.S.S.G. § 3D1.3(b), the offense level for the Group is the offense level corresponding to the aggregated quantity. Accordingly, the offense level for the Group is 16.

9. As of the date of this letter, TERRY has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if TERRY's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

10. As of the date of this letter, TERRY has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in TERRY's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) TERRY enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that TERRY's acceptance of responsibility has continued through the date of sentencing and TERRY therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) TERRY's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

11. Accordingly, the parties agree that the total Guidelines offense level applicable to TERRY is 13 (the "Total Offense Level").

12. If the term of imprisonment does not exceed 18 months, and except as specified in the next paragraph below, TERRY will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 12 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

13. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    (a)    Any proceeding to revoke the term of supervised release.

    (b)    A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    (c)    An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those

circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).